UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AGNES LANDRY, ET AL | CIVIL ACTION |
| VERSUS | NO: 14–220 |
| COLUMBIA CASUALTY COMPANY, ET AL | SECTION: "H"(3) |

## ORDER AND REASONS

Before the Court is a Motion to Remand (Doc. 9) and a Motion for Sanctions (Doc. 11). For the following reasons, both Motions are DENIED and Plaintiffs' claims against Columbia Casualty Company and Eagle, Inc. are DISMISSED WITHOUT PREJUDICE.

### BACKGROUND

Norman Landry was employed at the Avondale shipyards for one month in 1948 and nearly two months in 1949. In 2012, Mr. Landry was diagnosed with mesothelioma. He died several months later. On January 29, 2013, Mr.

1

Landry's surviving spouse and children filed this action in Louisiana state court against Huntington Ingalls Inc. ("HII"), Columbia Casualty Company ("Columbia"), and Eagle Inc. ("Eagle"). Plaintiffs allege that Mr. Landry was exposed to asbestos during his employment at Avondale,[1] that Eagle manufactured the asbestos, and that Columbia insured Avondale during the period that Mr. Landry was employed there. Plaintiffs claim that Mr. Landry's asbestos exposure in 1948 and 1949 caused his mesothelioma and his subsequent death. On January 29, 2014, HII removed the suit to this Court, alleging that it was completely diverse from Plaintiffs and that the remaining defendants had been fraudulently joined in an effort to prevent removal. Plaintiffs responded with the instant Motions.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[4] Removal statutes should be strictly construed, and any doubt

---

[1] HII is the successor in interest to Avondale Shipyards.
[2] 28 U.S.C. § 1441(a).
[3] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[4] *Id.*

2

should be resolved in favor of remand.[5]

## LAW AND ANALYSIS

Plaintiff asserts two arguments in favor of remand: (1) that this Court lacks subject matter jurisdiction because the parties are not completely diverse and (2) that the removal was procedurally improper. The Court begins, as it must, with an analysis of subject matter jurisdiction.[6]

**I. Subject Matter Jurisdiction**

HII asserts that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Cases arising under § 1332 require complete diversity of citizenship and an amount in controversy in excess of $75,000.[7] The parties agree, and the Court is convinced, that the amount in controversy in this case exceeds $75,000. On the other hand, the question of complete diversity is hotly disputed. HII concedes that Plaintiffs are not completely diverse from all named defendants. Nonetheless, HII contends that it is diverse from Plaintiffs and that Eagle and Columbia were fraudulently joined in order to prevent removal. Plaintiffs disagree on both counts. Plaintiffs insist that Eagle and Columbia are proper parties to this proceeding and that, in any event, HII is a citizen of Louisiana and therefore not diverse from Plaintiffs. The Court will address each issue separately.

Initially, the Court briefly notes a few basic principles relevant to its

---

[5] *Id.*

[6] *See Sinochem Int'l Co. LTD v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

[7] 28 U.S.C. § 1332; *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010).

3

analysis. Plaintiffs are indisputably citizens of Louisiana.[8] Accordingly, the Court may only exercise jurisdiction over this action if no defendant, properly joined and served, is a citizen of Louisiana.[9] Thus, if HII is a citizen of Louisiana <u>or</u> if either Eagle or Columbia is properly joined to this action, the Court must remand the case.[10]

*A. Citizenship of HII*

HII, as a corporation, is a citizen of every state in which it is incorporated, as well as the state in which its principal place of business is located.[11] HII is incorporated in Virginia, and it alleges that its principal place of business is also in Virginia. Plaintiffs admit that HII is a Virginia corporation, but insist that HII's principal place of business is in Louisiana. In support of their argument, Plaintiffs rely on the "total activity test." Under the total activity test, a corporation's principal place of business is determined based on where the corporation conducts a majority of its activities.[12] Plaintiffs argue that HII has not offered this Court any evidence of where it conducts most of its activity. Unfortunately, Plaintiffs argument is based on an outdated understanding of the law.

In 2010, the Supreme Court held that a corporation's principal place of

---

[8] Plaintiffs' petition alleges, and HII concedes, that all Plaintiffs are citizens of Louisiana. *Cf. Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996).

[9] *See* 28 U.S.C. § 1332 & 1441.

[10] Plaintiffs argue, and the Court assumes without deciding, that Eagle and Columbia are citizens of Louisiana.

[11] 28 U.S.C. § 1332(c)(1).

[12] *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 404 (5th Cir. 1987).

business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."[13] In reaching this conclusion, the Court expressly overruled all other tests previously employed by the various circuits, including the "total activity test."[14] Therefore, HII's principal place of business is the place where its officers direct the corporation's activities. HII insists that this occurs in Virginia, and Plaintiffs have offered no evidence to the contrary. This Court generally accepts jurisdictional allegations as true in the absence of evidence to the contrary.[15] Accordingly, the Court finds that HII's principal place of business is in Virginia and that it is a citizen of Virginia only.

*B. Fraudulent Joinder*

HII contends that both Eagle and Columbia were fraudulently joined to this action in order to prevent removal. "Fraudulent joinder can be established by demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[16] Generally, the court conducts an analysis similar to that employed in the context of Rule 12(b)(6), asking whether there is a legal basis for recovery assuming the facts in the complaint as true.[17] In certain circumstances, however, the court may pierce the pleadings and conduct

---

[13] *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). This test is often referred to as the "nerve center test." *See id.*

[14] *Id.* at 92.

[15] *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

[16] *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).

[17] *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*).

5

a summary inquiry. "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[18] Examples of such facts include "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."[19] The court evaluates all of the contested factual allegations in the light most favorable to the plaintiff and resolves any uncertainties in the controlling state's substantive law in the plaintiff's favor.[20] The burden of showing fraudulent joinder is a "heavy one."[21]

The issue in this case is not whether Plaintiffs have pleaded a cause of action against Eagle or Columbia. Rather, HII claims that there is no evidence that Eagle supplied asbestos products to Avondale or that Columbia insured Avondale, for any purpose, while Mr. Landry was employed there.

1) Columbia Casualty Company

Plaintiffs' petition alleges that six individuals were executive officers of Avondale in 1948 and 1949. Plaintiffs appear to contend that all six of these officers knowingly and intentionally concealed the dangers of asbestos from Mr. Landry.[22] Plaintiffs further allege that all six individuals were insured by

---

[18] *Id.*

[19] *Id.* at n. 12.

[20] *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003).

[21] *Id.* at 649.

[22] As an aside, the Court has doubts that the allegations in Plaintiffs' petition are sufficient to establish liability on the part of these six officers as there is a dearth of

6

American Motorists Insurance Company.[23] Curiously, Plaintiffs allege that only two of the six officers were insured by Columbia. After this suit had been pending in state court for nearly a year, counsel for HII received a letter from counsel for Columbia. In this letter, which was attached to the notice of removal, counsel for Columbia represents that Columbia searched its files in response to Plaintiffs' discovery request and that Columbia could not locate any policy of insurance issued to Avondale in either 1948 or 1949. HII relies on this correspondence in support of its argument that Plaintiffs are unable to establish a cause of action against Columbia.

Plaintiffs disagree and have attached various documents to the Motion that purportedly support a cause of action against Columbia. The documents were obtained from the National Archives and indicate that Columbia provided some insurance to Avondale from 1942-1945. Plaintiffs insist that these documents prove that Columbia insured Avondale at one time, and therefore support their assertion that Avondale insured two specific officers in 1948 and 1949. These documents, however, offer no support to Plaintiffs' position.

First, many of the documents reflect insurance policies that, by their very nature, could not possibly provide coverage for Plaintiffs' claims.[24] Additionally,

---

allegations supporting the assertion that these particular individuals knew or should have known anything about the dangers of asbestos. Indeed, the petition is silent even as to the role of these individuals within Avondale. However, given the lack of evidence that Columbia issued any policy of insurance to Avondale in 1948 or 1949, it is not necessary for the Court to reach a conclusion regarding the sufficiency of these allegations at this time.

[23] American Motorists Insurance Company was not named as a defendant to this action.

[24] Approximately half of the documents reflect automobile liability coverage and several others reflect insurance covering steam boilers.

7

none of the proffered documents indicate coverage for the years at issue. Indeed the latest date of coverage reflected in the documents is December 31, 1945, well over two years prior to Mr. Landry's first day of work at Avondale. Finally, Plaintiffs offer no support whatsoever for their assertion that Columbia insured two specific officers in 1948 and 1949. Indeed, Plaintiffs have not even articulated to the Court why they believe that Columbia insured these two officers to the exclusion of the other four named in the petition. At best, Plaintiffs argument is that, because Columbia insured Avondale in the past, it is hypothetically possible that Columbia insured two specific officers in 1948 and 1949. "[M]etaphysical doubt" regarding whether Columbia insured Avondale in 1948 and 1949 is not sufficient to defeat HII's arguments.[25]

Given Columbia's representation that it has no record of providing relevant insurance to Avondale and the fact that Plaintiffs lack even a scintilla of evidence to support their allegation that Columbia insured Avondale's officers, this Court finds that Plaintiffs are not able to establish a cause of action against Columbia. Therefore, the Court holds that Columbia was fraudulently joined to this action, and Plaintiffs' claims against Columbia are dismissed without prejudice.[26]

  2) Eagle, Inc.

Plaintiffs allege that Eagle was a manufacturer and distributor of

---

[25] *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 393 (5th Cir. 2000).

[26] The Court does not intend to imply, nor is there any evidence which shows, that Plaintiffs engaged in a deliberate attempt to deceive the Court or opposing counsel. Instead, the Court uses the term fraudulent joinder because that is the term used by the jurisprudence.

asbestos-containing products while Mr. Landry was employed at Avondale.  They claim that Eagle sold asbestos-containing products to and did contracting work at Avondale while Mr. Landry was employed there.  HII contends that Eagle did not begin selling products to or working at Avondale until the 1950s.  HII's contention is supported by a letter from counsel for Eagle advising that Eagle, after a search of its records, could not locate any record of sales to Avondale prior to the 1950s.  Additionally, HII has submitted deposition transcripts from prior asbestos litigation in which Eagle representatives deny having any business with Avondale prior to the 1950s.[27]

In response, Plaintiffs have submitted their own deposition excerpts, many of which are from the same deponents as HII's.  Plaintiffs contend that these deposition transcripts establish that Eagle did work at Avondale in the 1940s.  This is not correct.  All of the deposition transcripts relied on by Plaintiffs establish that Eagle did, in fact, provide asbestos-containing products to Avondale at some time.  This is not a disputed fact.  The depositions do not, however, establish that Eagle did business with Avondale prior to the 1950s.  Indeed, Plaintiff has not been able to submit any evidence whatsoever that indicates that Eagle did any business with Avondale in 1948 or 1949 or, for that matter, at anytime prior to 1950.  In the absence of such evidence, the Court finds that Plaintiffs are not able to establish a cause of action against Eagle.  Accordingly, the Court finds that Eagle was fraudulently joined to this action,

---

[27] In one of the deposition excerpts, an Eagle representative specifically denies any sales to Avondale in 1946.

and Plaintiffs' claims against Eagle are dismissed without prejudice.

As a result of the Court's holdings, HII is the only remaining defendant in this action. HHI is completely diverse from Plaintiffs. Therefore, the Court finds that it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Having determined that the parties are diverse, the Court proceeds to Plaintiffs' procedural objections to the removal.

**II. Removal Procedure**

Plaintiffs present two arguments in support of their assertion that the removal was procedurally improper. The first is that Eagle and Columbia did not consent to the removal as required by 28 U.S.C. § 1446(b)(2)(A).[28] While it is true that Eagle and Columbia did not consent to the removal, the Fifth Circuit has consistently held that fraudulently joined defendants need not consent to the removal of a case.[29] The Court has already held that Eagle and Columbia were fraudulently joined to this action. Therefore, their consent to the removal was unnecessary, and the Court rejects Plaintiffs' first procedural objection.

Second, Plaintiffs contend that the removal was untimely. A defendant generally must remove an action within 30 days of being served with the initial pleading in the case.[30] HII was served with the petition in this case on February 1, 2013, but did not remove the matter until January 29, 2014. On its face, the

---

[28] 28 U.S.C. § 1446(b)(2)(A) provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action."

[29] *See, e.g.*, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[30] 28 U.S.C. § 1446(b)(1).

10

removal would appear to be untimely. Nonetheless, HII argues that the "other paper" exception to the initial removal period applies. This exception provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper</u> from which it may first be ascertained that the case is one which is or has become removable.[31]

HII alleges that, in January of 2014, it received an "other paper" that revealed that the case was removable based on the fraudulent joinder of Eagle and Columbia.

The term "other paper" has been interpreted broadly.[32] "Other paper" includes discovery responses and correspondence between counsel.[33] In this case, HII's counsel received letters from counsel for Eagle and Columbia indicating that they had searched their respective records and could not find any evidence that they had a relationship with Avondale during Mr. Landry's employment. These letters revealed to HII that Plaintiffs had no arguable basis for recovery against Eagle or Columbia. As a result, HII became aware, for the first time, that the case was removable based on the fraudulent joinder of these

---

[31] 28 U.S.C. § 1446(b)(3) (emphasis added). The statute also provides that a case in which jurisdiction is premised on diversity cannot be removed more than one year after the action is commenced unless the plaintiff acted in bad faith in order to prevent removal. Since this action was removed precisely one year from the date on which it was commenced, the one year rule does not apply.

[32] 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3731 (4th ed. 2014).

[33] *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000).

non-diverse defendants. HII responded by promptly removing the case. Defendants argue that the facts of this case satisfy the "other paper" exception to the removal period.

Plaintiffs disagree. Plaintiffs argue that the letters from defense counsel do not render the case removable because they were not the result of a voluntary act of Plaintiffs. Plaintiffs correctly argue that the general rule is that "other paper" does not render a case removable unless it is generated by the voluntary act of a plaintiff. Plaintiffs' argument fails because the Fifth Circuit has explicitly held that the voluntary act rule does not apply in cases of fraudulent joinder.[34]

Plaintiffs also argue that the "other paper" exception should not apply because HII should have been aware that Eagle was fraudulently joined prior to January of 2014. To be sure, it appears that the evidence relied on by HII to support its argument regarding the fraudulent joinder of Eagle was in HII's possession before January of 2014. But, even assuming *arguendo*, that HII should have realized that Eagle was improperly joined earlier, there is no evidence that HII should have been aware that Columbia was fraudulently joined before it received the letter from Columbia's counsel. Plaintiffs allege that both Columbia and Eagle are Louisiana citizens. Therefore the case did not become removable until HII realized that *both* Eagle and Columbia were fraudulently joined. This did not occur until January of 2014, less than 30 days

---

[34] *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) ("Courts have long recognized an exception to the voluntary-involuntary rule where a claim against a nondiverse or in-state defendant is dismissed on account of fraudulent joinder").

prior to removal.

Accordingly, because HII removed this case within 30 days of receiving an "other paper" from which it first ascertained that the case was removable, the removal was timely. The Court, additionally, having rejected both of Plaintiffs' procedural objections, finds that the removal of this matter was procedurally proper.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is DENIED and Plaintiffs' claims against Columbia Casualty Company and Eagle, Inc. are DISMISSED WITHOUT PREJUDICE. Additionally, because the Court has found that removal was proper, Plaintiffs' Motion for Sanctions is also DENIED.

New Orleans, Louisiana, this 18th day of September, 2014.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**