# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**AGNES LANDRY, ET AL**                         **CIVIL ACTION**

**VERSUS**                                       **NO:  14-220**

**COLUMBIA CASUALTY COMPANY, ET AL**      **SECTION: "H"(3)**

## ORDER AND REASONS

Before the Court is Defendant Huntington Ingalls Inc.'s ("HII") Motion for Partial Summary Judgment (Doc. 37).  For the following reasons, the Motion is GRANTED, and Plaintiffs' claims for damages pursuant to Louisiana Civil Code Article 2315.6 are DISMISSED WITH PREJUDICE.

## BACKGROUND

Plaintiffs, wife and children of the deceased, Norman Landry, allege that he was exposed to asbestos during the course of his employment at the Avondale shipyard for one month in 1948 and nearly two months in 1949.[1]  Plaintiffs allege that Mr. Landry's asbestos exposure in 1948 and 1949 caused his

---

[1] HII is the successor in interest to Avondale.

1

mesothelioma, which was first diagnosed on February 3, 2012.  Mr. Landry died on May 25, 2012.   His surviving spouse and children filed this action in Louisiana state court against HII, Columbia Casualty Company ("Columbia"), and Eagle Inc. ("Eagle").  On January 29, 2014, HII removed the suit to this Court, alleging that it was completely diverse from Plaintiffs and that the remaining defendants had been improperly joined in an effort to prevent removal.  Plaintiffs' Motion to Remand was denied and the claims against Columbia and Eagle were dismissed.

Plaintiffs assert that they are entitled to bystander damages pursuant to Louisiana Civil Code article 2315.6.  Defendant contends that Plaintiffs are not entitled to these damages under Louisiana law.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all

---

[2] Fed. R. Civ. P. 56(c) (2012).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

HII moves to dismiss Plaintiffs' claims for mental anguish damages. HII

---

[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

relies specifically on the temporal proximity requirement of Louisiana Civil Code Article 2315.6(A), which provides:

> [Certain] persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury.

The primary issue in this Motion is whether the progression of Mr. Landry's mesothelioma is an injury-causing event within the meaning of Article 2315.6(A). Plaintiffs do not contend that they came upon the scene soon after Mr. Landry's alleged exposure to asbestos. Rather, Plaintiffs argue that they suffered mental anguish from viewing the progression of Mr. Landry's mesothelioma and that this progression of the disease is the injury-causing event. The Court disagrees.

In *Lejeune v. Rayne Branch Hospital,* the Louisiana Supreme Court overruled prior law and recognized a cause of action for bystanders who witness the negligent infliction of injury on a third person to recover mental anguish damages under very limited circumstances.[10] To recover bystander or "*Lejeune*" damages: (1) the claimant must either view the accident or injury-causing event or come upon the scene soon after it has occurred and before substantial change in the victim's condition; (2) the direct victim of the traumatic injury must have suffered such harm that it can reasonably be expected that someone in the claimant's position would suffer serious mental anguish from the experience; (3) the claimant's emotional distress must be both reasonably foreseeable and

---

[10] 556 So.2d 559, 569 (La. 1990).

serious; and (4) the claimant must have a sufficiently close relationship to the direct victim.[11] There is no requirement that the claimant be physically injured or suffer physical impact in the same accident as the direct victim.[12]

The Louisiana Legislature codified the *Lejeune* ruling by enacting Louisiana Civil Code Article 2315.6.[13] Article 2315.6 is intended to compensate for the *immediate shock* of witnessing a traumatic event when the harm to the direct victim is *severe and apparent*, not to compensate for the anguish and distress that often accompany an injury to a loved one.[14] Recovery of damages for mental anguish has almost never been extended to one who observed the victim's suffering at a place other than where the injury-causing event occurred or at a time not *closely connected* to the event.[15]

Plaintiffs must satisfy all four requirements to recover bystander damages under Louisiana law. HII does not dispute the latter three requirements but contends that Plaintiffs fail to satisfy the first requirement. To satisfy the first requirement, Plaintiffs must prove that they viewed the injury causing event as it occurred or that they came upon the scene soon after and before substantial change in Mr. Landry's condition.

---

[11] *Id.* at 570.

[12] *Id.*

[13] *Trahan v. McManus*, 728 So. 2d 1273, 1278.  Plaintiffs assert that Article 2315.6 does not apply to their claims because Mr. Landry's asbestos exposure occurred before its enactment and that plaintiffs' claim is therefore governed by the *Lejeune* decision. However, plaintiffs are not entitled to bystander damages under either Article 2315.6 or *Lejeune*.

[14] *Veroline v. Priority One EMS*, 18 So.3d 1273, 1276 (quoting *Trahan*, 728 So.2d at 1279) (emphasis added); *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1077 (La. 1992).

[15] *Trahan*, 728 So. 2d at 1279 (emphasis added).

The injury-causing event occurred when Mr. Landry was allegedly exposed to asbestos, not when the mesothelioma manifested itself.[16]  Plaintiffs have not alleged or presented evidence that they were present when Mr. Landry was exposed to asbestos or that they came upon the scene of his exposure soon thereafter.  Louisiana Civil Code Article 2315.6 contemplates an "immediate shock" and harm that is immediately "severe and apparent."  It is not intended to compensate claimants who observe the progression of a disease many years later.

Plaintiffs did not observe Mr. Landry inhale asbestos and the suffering they observed occurred more than sixty years after Mr. Landry's employment at Avondale.  Moreover, even if Plaintiffs *had* observed Mr. Landry's exposure to asbestos, they would not be entitled to *Lejeune* damages because exposure to asbestos is not a traumatic event likely to cause severe contemporaneous mental anguish to an observer, even though the ultimate consequence, mesothelioma, is tragic.[17]  Although Plaintiffs suffered anguish and distress as Mr. Landry's mesothelioma progressed, their mental anguish is temporally disconnected from the injury-causing event and beyond the intent of Louisiana Civil Code Article 2315.6.  The Court finds that Plaintiffs have not satisfied the first *Lejeune* requirement and, accordingly, they are not entitled to bystander damages under

---

[16]  *See Rando v. Anco Insulations Inc.*, 16 So. 3d 1065, 1083 (La. 2009).

[17]  *See id.* An observable harm to the direct victim must arise at the time of the injury-causing event. *Id.*  In *Trahan*, the parents of the direct victim watched him die after he was negligently misdiagnosed and discharged from the hospital.  *Id.* at 1275.  The doctor's negligent discharge of the patient was the injury-causing event, but it was "not a traumatic event likely to cause severe contemporaneous mental anguish to an observer, even though the ultimate consequences were tragic indeed." *Id.* at 1280.

Louisiana law.[18]

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED, and Plaintiffs' claims for *Lejeune* damages are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 21st day of May, 2015.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[18] *See Comardelle v. Pennsylvania Gen. Ins. Co.*, No. 13-6555, 2014 WL 5762841, at *3 (E.D. La. Nov. 3, 2014) (granting a nearly identical motion).

7